UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

D'ANGELO LEE KOMANEKIN,

          Petitioner,

    v.                                     Case No. 23-C-1254

BRIAN CAHAK,

          Respondent.

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On September 22, 2023, Petitioner D'Angelo Lee Komanekin filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for manufacturing or delivering THC to a prisoner and felony bail jumping with a habitual modifier. Due to Petitioner's frequent movement between several different state facilities, this case stalled for some time. Eventually, Petitioner filed an amended petition on June 17, 2025, which was screened by Magistrate Judge Joseph under Rule 4 of the Rules Governing Section 2254 cases on June 23, 2025. Though Judge Jospeh noted that the amended petition revealed several issues, she ordered Respondent to answer or otherwise respond out of an abundance of caution. *See* Dkt. No. 20. The case was reassigned to this court on July 8, 2025. This matter comes before the court on Respondents' motion to dismiss the amended petition as untimely. For the reasons below, Respondent's motion will be granted and the case dismissed.

### BACKGROUND

On November 14, 2001, Petitioner pled guilty or no contest to manufacturing or delivering THC, with a modifier for distribution to a prisoner, in Winnebago County Case No. 2000CF432.[1]

---

[1] *Winnebago County Case No. 2000CF000432*, *Wisconsin v. D'Angelo L. Komanekin*, WIS. CIRCUIT CT. ACCESS, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2000CF000432&countyNo=70&mode=details (last visited Aug. 4, 2025).

During that hearing, Petitioner also pled guilty or no contest to felony bail jumping, with a modifier for habitual criminality, in Winnebago County Case No. 2001CF319.[2] At a consolidated sentencing hearing on January 18, 2002, Petitioner was sentenced to 15 years of probation, with a sentence of 6 years of state prison imposed and stayed on the drug charge. With respect to the bail jumping charge, Petitioner was sentenced to 11 years of imprisonment and 5 years of extended supervision to be imposed and stayed and served consecutive to any other sentence. Judgments of conviction were entered on January 21, 2002.

Within a year, Petitioner's probation in both cases was revoked. After the circuit court denied his petitions for writs of certiorari challenging the Department of Corrections' revocation of his probation, Petitioner filed two appeals.[3] These were the first appeals Petitioner filed with respect to Winnebago County Case Nos. 2000CF432 and 2001CF319. The Wisconsin Court of Appeals summarily affirmed the decision of the circuit court on September 10, 2003. The petition for review was denied on November 18, 2003.

On November 26, 2003, Petitioner filed notices of appeal as to his convictions, and the Wisconsin Court of Appeals consolidated the appeals under Case No. 2003AP3220-CR.[4] The Wisconsin Court of Appeals ordered Petitioner to show cause why the appeals should not be

---

[2] *Winnebago County Case No. 2001CF000319, Wisconsin v. D'Angelo L. Komanekin*, WIS. CIRCUIT CT. ACCESS, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2001CF000319&countyNo=70&mode=details (last visited Aug. 4, 2025).

[3] *See State v. D'Angelo L. Komanekin, Appeal No. 2002AP3012*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2002AP003012&cacheId=93BAB45FA6B1061703ACB2CBD351F40D&recordCount=1&offset=0 (last visited Aug. 4, 2025); *State v. D'Angelo L. Komanekin, Appeal No. 2002AP3013*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2002AP003013&cacheId=836E6EC094A101D0B4DEA3F6D6585FF2&recordCount=1&offset=0 (last visited Aug. 4, 2025).

[4] *State v. D'Angelo L. Komanekin, Appeal No. 2003AP003220-CR*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2003AP003220&cacheId=A24EB826562572EBBB642C4AD2B8A5BA&recordCount=1&offset=0 (last visited Aug. 4, 2025).

dismissed as untimely. In response, Petitioner voluntarily dismissed the consolidated appeals on January 2, 2004.

Petitioner then filed a Wis. Stat § 974.06 motion on December 15, 2003, which the circuit court denied. On March 9, 2004, Petitioner filed a notice of appeal challenging the circuit court's denial of his motion. Petitioner voluntarily dismissed that appeal on July 30, 2004.[5] On October 4, 2005, Petitioner filed a notice of appeal challenging the circuit court's denial of another collateral motion under Wis. Stat. § 974.06, but the Wisconsin Court of Appeals dismissed the appeal for lack of jurisdiction on October 14, 2005.[6]

Nearly eleven years later, on February 24, 2016, Petitioner filed a notice of appeal challenging the denial of a sentence modification motion.[7] Petitioner voluntarily dismissed that appeal on March 28, 2016. On July 16, 2019, Petitioner filed a petition for a supervisory writ.[8] The petition was denied on December 5, 2019. On February 28, 2024, Petitioner filed a petition for a writ of habeas corpus, which was denied *ex parte* on August 2, 2024.[9]

---

[5] *State v. D'Angelo L. Komanekin, Appeal No. 2004AP000751*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2004AP000751&cacheId=EF99D279A5B23E8A2DFD9320B6D3060D&recordCount=1&offset=0 (last visited Aug. 4, 2025).

[6] *State v. D'Angelo L. Komanekin, Appeal No. 2005AP002499*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2005AP002499&cacheId=92BDABB9B2BEB193F0639B8F90A466AC&recordCount=1&offset=0 (last visited Aug. 4, 2025).

[7] *State v. D'Angelo L. Komanekin, Appeal No. 2016AP000417-CR*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2016AP000417&cacheId=AD09AA171DBE5351BE6DE8EE0DBCB78B&recordCount=1&offset=0 (last visited Aug. 4, 2025).

[8] *D'Angelo L. Komanekin v. Circuit Court for Winnebago County, Appeal No. 2019AP001283-W*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2019AP001283&cacheId=DCED20D01C9FF070EEB66ED992B40D1A&recordCount=1&offset=0 (last visited Aug. 4, 2025).

[9] *D'Angelo L. Komanekin v. Todd J. Delaine, Appeal No. 2024AP000371-W*, WIS. CT. SYS. SUP. CT. & CT. APP., *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2024AP000371&cacheId=4AFB6DF89DCB7EDD9DDFB6E883E599CB&recordCount=1&offset=0 (last visited Aug. 4, 2025).

# ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. Under AEDPA, the one-year period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a petitioner filed his petition outside of the one-year statute of limitations period, his application is time-barred. This one-year period can be tolled in two instances. First, the limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Second, a court may equitably toll the limitations period if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Here, the judgments of conviction were entered on January 21, 2002. Once the judgments of conviction were entered, Petitioner had twenty days, or until February 10, 2002, to file a notice of intent to appeal or pursue post-conviction relief. *See* Wis. Stat. § 809.30(2)(b). Petitioner did not file a notice of intent to appeal or pursue post-conviction relief within that time. As a result, his conviction became final on February 10, 2002, and the statute of limitations to file an

4

application for post-conviction relief or a federal habeas petition began running. Petitioner had one year, or until February 10, 2003, to file a habeas petition challenging his conviction.

Petitioner filed his first putatively collateral motion on October 15, 2002, when he challenged the revocation of his parole. That left less than four months remaining on the statute of limitations period. The petition for review of the appeal summarily affirming the circuit court's denial of Petitioner's motion was denied on November 18, 2003. Petitioner then filed a Wis. Stat. § 974.06 motion with the circuit court on December 15, 2003, which tolled the statute of limitations period with less than three months remaining. The limitations period began to run when Petitioner voluntarily dismissed the appeal on July 30, 2004. The statute of limitations period then expired approximately three months later, in October 2004. The fact that Petitioner filed subsequent collateral motions did not restart the time limit for seeking federal relief under § 2254. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (holding that disposition of a state collateral attack does not reset the federal clock).

Petitioner filed the instant § 2254 petition on September 22, 2023, nearly 19 years after the statute of limitations period expired. Petitioner does not dispute that his petition is untimely and has failed to show cause sufficient to excuse his untimely application for relief under § 2254. Instead, Petitioner has filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner may not bring these claims in conjunction with his current habeas petition. If Petitioner is serious about seeking relief under 28 U.S.C. § 2241, he must file a new lawsuit.

For these reasons, Respondent's motion to dismiss the amended petition as untimely (Dkt. No. 24) is **GRANTED**. The case is dismissed. The clerk is directed to enter judgment accordingly. A certificate of appealability will be denied. The court concludes that reasonable jurists would not find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3–4.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of August, 2025.

William C. Griesbach
United States District Judge